IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. STACEY L. SPICELAND

**Direct Appeal from the Criminal Court for Williamson County**
**No. I-297-61-A    Timothy L. Easter, Judge**

---

**No. M1999-02529-CCA-R3-CD - Decided June 15, 2000**

---

Defendant appeals the revocation of his probation and reinstatement of his sentences by the Williamson County Criminal Court. Defendant was on probation following his guilty pleas to two counts of automobile burglary and two counts of misdemeanor theft. Concluding that the defendant violated the terms and conditions of his probation by the use of illegal drugs, we affirm the revocation of probation and reinstatement of the original sentences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J. delivered the opinion of the court, in which WADE, P. J., and OGLE, J. joined.

Virginia Lee Story (at revocation hearing), Franklin, Tennessee, and Richard McGee (on appeal), Nashville, Tennessee, for the appellant, Stacey L. Spiceland.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Lee E. Dryer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### PROCEDURAL HISTORY

Defendant, Stacey L. Spiceland, entered pleas of guilty on July 22, 1997, to two counts of automobile burglary and two counts of theft under $500. He received an effective sentence of six years; was ordered to serve 220 days in the county jail; and was placed on supervised probation for an effective term of six years.

On October 15, 1999, a probation violation warrant was issued alleging the defendant tested positive for cocaine and marijuana. After a hearing on November 5, 1999, the trial court revoked defendant's probation and ordered the defendant to serve the balance of his sentences in confinement. The defendant appeals from the revocation of his probation insisting the reinstatement of his original sentences is too harsh.

## REVOCATION HEARING

The testimony at the revocation hearing revealed that defendant tested positive for cocaine and marijuana on one of his visits to his probation officer. Defendant admitted to smoking marijuana on approximately six occasions while he was on probation. As to the cocaine, he suggested someone must have "laced" his marijuana with cocaine without his knowledge. Defendant also conceded that he was on probation for forgery at the time he committed the original automobile burglaries and thefts in the instant case.

Other evidence indicated that the defendant had regularly reported to his probation officer, had paid all proper fees, and had maintained full-time employment. The defendant's girlfriend and her mother testified as to the defendant's good character.

The trial court found that the defendant violated the terms of his probation by the use of illegal drugs. The trial court further noted that the defendant was on probation for another offense at the time he committed the underlying automobile burglaries and thefts. The trial court revoked probation and ordered the defendant to serve his original sentences.

## STANDARD OF REVIEW

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

## ANALYSIS

Defendant contends the reinstatement of his original sentences is unduly harsh. It is undisputed that the defendant violated the terms of his probation by his admitted use of illegal drugs. The trial court had the express statutory authority to revoke probation and require execution of the judgments as originally entered. Tenn. Code Ann. §§ 40-35-310, 311(d); State v. Hunter, 1 S.W.3d 643, 646-47 (Tenn. 1999). We further observe, as did the trial court, that probation had previously been applied unsuccessfully to the defendant. *See* Tenn. Code Ann. § 40-35-103(1)(C). Under our standard of review, we are not at liberty to simply substitute our judgment for that of the trial court. We conclude that the trial court did not abuse its discretion by revoking the defendant's probation and ordering execution of the original judgments.

For the above reasons, the judgment of the trial court is affirmed.